Plaintiff instituted this suit seeking to recover judgment in the amount of $275, the alleged value of a horse and mule killed when a car driven by Mrs. Mattie Lou Crawley ran into them on Highway 167 at "Punkin Center", in Jackson Parish, Louisiana, on March 3, 1942, at about 6:30 a.m. He alleged Mrs. Crawley was negligent in the following respects:
1. Driving at a rapid rate of speed on a much-travelled highway at a point where same was used by pedestrians when her vision was impaired by the condition of her windshield;
2. In failing to keep a proper lookout; and
3. In failing to make any effort to avoid the accident.
By supplemental petition a writ of attachment was prayed for and granted, in which application plaintiff alleged that defendants were temporarily absent from the State and service could not be had on them.
Defendants denied being indebted unto plaintiff in any sum and alleged the accident was unavoidable in that the stock suddenly ran out onto the highway directly in front of the car and too close for the driver to stop the car before striking them. Other defenses on the part of the husband of Mrs. Crawley, who was made defendant, are unnecessary to set forth here.
Defendants also reconvened and asked for judgment against plaintiff for damage to their car caused by the collision with the stock. Defendants also, before answering, filed a motion to dissolve the attachment with damages, which motion was by consent tried with the case on its merits.
The lower court rendered judgment rejecting the demands of both plaintiff and defendants and plaintiff has perfected an appeal to this court. Defendants did not appeal, have not answered the appeal, therefore, we are without authority to change the judgment in favor of defendants in any way.
The sole question involved is one of facts. The only testimony as to the speed of the automobile was given by Mrs. Crawley, who fixed the speed at from 25 to 30 miles per hour. This was not excessive. She further testified that the time was before daylight and that she was looking at the highway directly in front of her (there is no testimony to show that her vision was impaired in any manner), and that the stock ran onto the highway from the East directly in front of her car and she had no chance to avoid running into them; that she stopped her car immediately.
There was only one other eyewitness to the accident and he was a negro employee of plaintiff who was driving the stock back to the pasture from whence they had escaped the afternoon before the accident. His testimony is that the stock walked onto the highway stone distance ahead of defendants' car; and that he tried to flag the car down when he realized it was not going to slow up or stop.
The other testimony in the case shows that the highway at the scene of the accident is straight for 660 yards and that there are no buildings within 40 feet of the highway. The purpose of this testimony was to show that Mrs. Crawley could have seen the stock approaching the highway, however, the testimony shows it was not daylight and it is more difficult to see to the side of the road at night than in the daytime.
The accident occurred in Ward 2 of Jackson Parish, where a Stock Law was at the time in force. Mrs. Crawley lived in that ward and knew of the law and, naturally, was not expecting stock to be at large. Regardless of that testimony, the case hinges upon what happened just before and at the time of the collision and *Page 660 
narrows down to the eyewitnesses' account of that. We have only the testimony of Mrs. Crawley, the driver of the car, and the negro employee of plaintiff, who were the only eyewitnesses. The plaintiff is required to make out his case with a preponderance of the evidence, which is lacking in this case.
We find no error in the judgment of the lower court and it is affirmed, with costs.